# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK S. DAVIS and ROBERT P. BROOK, | ) |
| Plaintiffs/Counterclaim-Defendants, | ) |
| v. | ) |
| RSUI INDEMNITY COMPANY, | ) C.A. No. 16-1046-LPS |
| Defendant/Counterclaim-Plaintiff/Third-Party Plaintiff, | ) |
| v. | ) |
| EMSI HOLDING COMPANY, | ) |
| Third-Party Defendant. | ) |

## UNOPPOSED MOTION TO SUBSTITUTE PLAINTIFF AND COUNTERCLAIM-DEFENDANT

Plaintiffs and Counterclaim-Defendants Mark S. Davis and Robert P. Brook (the "Management Sellers"), by and through their undersigned counsel, hereby move this Court pursuant to Federal Rule of Civil Procedure 25(c) for an Order substituting EMSI Acquisition, Inc. ("EMSI-A") as the plaintiff and counterclaim-defendant in this action. The grounds for this motion are set forth below.

### I. BACKGROUND

1. The Management Sellers bring this Motion to Substitute EMSI-A as the plaintiff and counterclaim-defendant in this action because the Management Sellers assigned to EMSI-A all of their rights, title, and interest in their claims for indemnity and to recover defenses costs from and against RSUI Indemnity Company ("RSUI") in the above-captioned case pursuant to a July 28, 2017 Assignment of Rights and Claims to Insurance Agreement (the "Assignment Agreement"). Pursuant to the Assignment Agreement, EMSI-A now is the real party in interest

to the Management Sellers' claims against RSUI, and therefore the claims should be prosecuted in EMSI-A's name.

### *The Underlying Action*

2. On November 3, 2015, EMSI-A, a Delaware limited liability company, entered into a Stock Purchase Agreement (the "SPA") whereby EMSI-A purchased all of the outstanding stock of EMSI Holding Company ("EMSI" or the "Company") from the Management Sellers and the other institutional owners of EMSI (the "Acquisition").

3. Following EMSI-A's acquisition of EMSI, EMSI-A filed a complaint on August 15, 2016 against all eight former shareholders of EMSI, including the Management Sellers, alleging breaches of EMSI's representations and warranties in the SPA. *EMSI Acquisition Inc. v. Contrarian Funds, LLC*, et al., C.A. No. 12648-VCS (the "Underlying Action").

4. In the Underlying Action, EMSI-A sought to recover approximately $40 million of claimed losses related to alleged misrepresentations in the SPA. Sellers moved to dismiss the Underlying Action on October 14, 2016. Following briefing and oral argument, on May 3, 2017, the Delaware Court of Chancery denied Sellers' motion to dismiss Count I of the Underlying Action.

### *The Advancement Action*

5. On October 27, 2016, the Management Sellers filed a demand for advancement of attorney's fees and expenses incurred in defense of the Underlying Action (the "Advancement Action"). On November 23, 2016, the Management Sellers filed a motion for summary judgment, to which the Company responded on January 6, 2017.

6. Following briefing and oral argument, on May 3, 2017, the Delaware Court of Chancery granted the Management Sellers' motion for advancement of fees and expenses.

*The Insurance Action*

7. On October 27, 2016, the Management Sellers filed a Verified Complaint against RSUI in the Court of Chancery of the State of Delaware, captioned *Davis, et al. v. RSUI Indemnity Company,* C.A. No. 12857-VCS, seeking insurance coverage from RSUI for the claims in the Underlying Action. RSUI had issued a Directors and Officers Liability Policy No. NHP661503 to EMSI, for the period February 21, 2015 to February 21, 2016 with an extended Discovery Period to November 3, 2021. RSUI had also issued another policy, No. NHP665276, from November 3, 2015 to November 3, 2016 (collectively, the "RSUI Policies").

8. On November 11, 2016, RSUI filed a Notice of Removal, removing the action to this Court.

9. On November 22, 2016, RSUI filed a Counterclaim against the Management Sellers and a Third Party Complaint against EMSI seeking declaratory judgments that no coverage exists for the Underlying Action under the RSUI Policies.

10. The Management Sellers filed their Answer to RSUI's Counterclaim for Declaratory Judgment on December 13, 2016. EMSI filed its Answer to RSUI's Third-Party Complaint for Declaratory Judgment on December 20, 2016.

11. On March 22, 2017, the parties filed cross-motions for judgment on the pleadings. Oral argument on the cross-motions is scheduled for September 5, 2017.

*Settlement and Assignment Agreement*

12. On July 28, 2017, the Sellers and EMSI-A entered into a confidential settlement agreement to resolve, among other things, the Underlying Action and the Advancement Action.

13. As a part of this settlement, the Management Sellers executed the Assignment Agreement, assigning to EMSI-A:

all rights, title and interest in and any and all claims, choses in action, causes of action and rights to enforce the insurance coverage the Management Sellers have or may have against the D&O Insurers [including RSUI] under the Policies with respect to, pertaining to, based on, arising out of, resulting from, or in any way relating to any liability the Management Sellers had, have, or may have for the Buyer Released Claims,[1] including, for the avoidance of doubt, all rights and claims related to the indemnification claims expressly asserted in the [Underlying Action] as well as any and all claims by Buyer not expressly asserted in the [Underlying Action] but based on the facts and/or allegations in the [Underlying Action], including but not limited to claims for negligent misrepresentation (the "Assigned Claims").

The Assignment Agreement is attached hereto as Exhibit A.

14. Following the execution of the Settlement and Assignment Agreement, the Chancery Court dismissed the Advancement Action and the Underlying Action on August 8, 2017, pursuant to the parties' Joint Stipulations.

## II. ARGUMENT

15. Where, as here, there has been a transfer of interest in a claim during the course of an action, Federal Rule 25(c) provides that this Court may substitute as a party the person or entity to which the interest was transferred. Fed. R. Civ. P. 25(c) ("If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party.").

16. In the Assignment Agreement, the Management Sellers unambiguously transferred to EMSI-A all right, title, and interest in their claims in this action against RSUI.

---

[1] The "Buyer Released Claims" include claims related in any way to the Acquisition; the SPA, the other Transaction Documents, and any agreements, covenants, representations, warranties or obligations thereunder, including, without limitation, any current or future obligations of any Party under Article VII or Article X of the SPA; any facts and/or allegations that are set forth in, or that are related to, the Settlement Auditor Proceeding, Buyer's Indemnification Claims, Sellers' Indemnification Claims, the Main Litigation, the Tax Litigation and/or the Advancement Litigation; and/or the Company and/or any of the EMSI Entities.

17. Thus, the claims in this action now belong solely to EMSI-A and EMSI-A has become the real party in interest for all of Management Sellers' claims for indemnity against RSUI. *See La-Tex Supply Co. v. Fruehauf Trailer Division, Fruehauf Corp.*, 444 F.2d 1366 (5th Cir. 1971) (holding that assignee of claims was the real party in interest).

18. "Because joinder or substitution under Rule 25(c) does not ordinarily alter the substantive rights of parties, [the decision as to whether to grant a Rule 25(c) motion] is generally within the district court's discretion." *Abbott Labs. v. Roxane Labs., Inc.,* 2013 WL 2322770, at *4 (D. Del. May 28, 2013) (internal quotations and citations omitted). The Court's focus when assessing a Rule 25 motion "must be whether substitution . . . would best 'facilitate the conduct of the litigation.'" *Id.* (quoting *Luxliner P.L. Exp., Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71–72 (3d Cir. 1993).

19. Here, substitution of EMSI-A as plaintiff and counterclaim-defendant in this action will not alter the factual allegations in the pleadings, will not prejudice RSUI, and will facilitate the conduct of the case.

20. In particular, RSUI will not be prejudiced because EMSI-A simply will stand in the shoes of the Management Sellers, having no different rights or defenses.

21. The case schedule will not be affected by this substitution, as EMSI-A is prepared to adhere to the current schedule. In particular, EMSI-A is prepared to proceed with the September 5, 2017 hearing. Further, the substitution will reduce the total legal fees in this action as EMSI-A is represented by the same counsel as EMSI Holding Company, which already is a party in this action. If the Substitution is granted, the Management Sellers will no longer need to incur the significant costs of participating in this litigation.

22.   Management Sellers have conferred with RSUI, and RSUI does not oppose this Motion.

23.   Accordingly, EMSI-A is properly substituted as plaintiff and counterclaim-defendant. EMSI-A respectfully requests that the Court change the case caption as follows to reflect the substitution:

| | | |
|---|---|---|
| EMSI ACQUISITION, INC. (as assignee of Mark S. Davis and Robert P. Brook), | ) ) ) | |
| Plaintiff/Counterclaim-Defendant, | ) ) | |
| v. | ) ) | |
| RSUI INDEMNITY COMPANY, | ) ) | C.A. No. 16-1046-LPS |
| Defendant/Counterclaim-Plaintiff/Third-Party Plaintiff, | ) ) | |
| v. | ) ) | |
| EMSI HOLDING COMPANY, | ) ) | |
| Third-Party Defendant. | | |

## III.   CONCLUSION

For the foregoing reasons, the Management Sellers respectfully request that the Court grant their Motion and enter an Order in the form filed contemporaneously herewith substituting EMSI-A as the plaintiff and counterclaim-defendant in this action and updating the case caption to reflect the substitution.

ASHBY & GEDDES

*/s/ Philip Trainer, Jr.*
Philip Trainer, Jr. (#2788)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19801
Telephone: (302) 654-1888

*Attorneys for Plaintiffs*

OF COUNSEL:

Timothy D. Kelly
DYKEMA GOSSETT, PLLC
4000 Wells Fargo Center
90 South 7th Street
Minneapolis, MN 55402
*Attorneys for Plaintiff Robert P. Brook*

Lisa C. Solbakken
ARKIN SOLBAKKEN LLP
750 Lexington Avenue, 25th Floor
New York, New York 10022
(212) 333-0200

Dated: August 16, 2017