IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EMSI ACQUISITION, INC. (as assignee of Mark S. Davis and Robert P. Brook), | : : : | |
| Plaintiff/Counterclaim-Defendant, | : : | |
| v. | : : | C.A. No. 16-1046-LPS |
| RSUI INDEMNITY COMPANY, | : : : | |
| Defendant/Counterclaim Plaintiff/ Third-Party Plaintiff, | : : : | |
| v. | : : : | |
| EMSI HOLDING COMPANY, | : : | |
| Third-Party Defendant. | : | |

**MEMORANDUM ORDER**

At Wilmington this **22th** day of **May, 2018**, having considered RSUI's Motion to Certify Order as Final or Certify Order for Interlocutory Appeal and Motion to Stay (D.I. 42), **IT IS HEREBY ORDERED** that RSUI's motion is **DENIED**.

1. On January 31, 2018, the Court issued an order ("Order") granting in part and denying in part the parties' cross-motions for judgment on the pleadings. (*See* D.I. 40) The Court ruled that the major shareholder exclusion ("MSE") in the Pre-Acquisition Policy was ambiguous and, therefore, RSUI has a duty to defend or indemnify EMSI.[1] (*See* D.I. 40 ¶ 3) Based on that ruling, "the only remaining issue in this case is the amount of 'Loss,' that is damages, that EMSI can recover under the [Pre-Acquisition] Policy." (D.I. 44 ¶¶ 6, 9) RSUI

---

[1] Unless otherwise noted, all capitalized terms have the meaning provided in the Court's January 31, 2018 Memorandum Opinion. (*See* D.I. 39)

seeks entry of final judgment on Counts I and II of its Counterclaim and Third Party Complaint or, in the alternative, certification of the Order for interlocutory appeal. (*See* D.I. 42 at 1) In the event the Court grants either form of relief, RSUI seeks a stay of Count III of its counterclaims for the duration of its appeal. (*See id.*) The motion is fully briefed. (*See* D.I. 42, 46, 47)

Certification under Rule 54(b)

    2.     Federal Rule of Civil Procedure 54(b) provides that "[w]hen an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Rule 54(b) "attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." *Allis-Chalmers Corp. v. Phila. Elec. Co.*, 521 F.2d 360, 363 (3d Cir. 1975). "Certification of a judgment as final under Rule 54(b) is the exception, not the rule" and should be granted "only in the infrequent harsh case." *Elliott v. Archdiocese of N.Y.*, 682 F.3d 213, 220 (3d Cir. 2012) (internal quotation marks omitted). When determining whether to certify a judgment as final under Rule 54(b), the Court must (1) determine whether a "final judgment" exists and, if so, (2) determine and expressly state "whether there is any just reason for delay." *Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-8 (1980); *Elliott*, 682 F.3d at 224 (requiring express statement). "[T]he burden is on the party seeking final certification to convince the district court that the case is the 'infrequent harsh case' meriting a favorable exercise of discretion." *Allis-Chalmers*, 521 F.2d at 365.

    3.     To determine whether a "final judgment" exists with respect to Counts I and II, "it is necessary to consider what constitutes a 'claim' within the meaning of Rule 54(b)." *Gerardi v.*

*Pelullo*, 16 F.3d 1363, 1369 (3d Cir. 1994) (internal quotation marks omitted). While there is often uncertainty as to what constitutes a single claim, "alternative theories of recovery based on the same factual situation are but a single claim, not multiple ones." *Id.* (alterations and internal quotation marks omitted).

    4.    Here, while RSUI argues that its "non-covered Loss argument" (Count III) is "disconnected" from the "major shareholder exclusion/duty to defend aspect of the case" (Count I) (D.I. 42 at 1),[2] the Court disagrees. RSUI's non-covered Loss argument and its MSE argument (as well as its Prior Acts Exclusion argument, also part of Count II) require consideration of the same factual record – including, for example, the events giving rise to the Underlying Action, Indemnity Action, and Instant Action, as well as the subsequent substitution of parties – to understand who the claimant is and for what it is they are claiming coverage. Additionally, RSUI's affirmative defenses in Count I and III, while focused on separate terms in the Pre-Acquisition Policy, are based on the ***same*** contract – one that can only be understood when read in tandem with the Post-Acquisition Policy (the focus of Count II). Thus, all of RSUI's counterclaims are based on the same factual record and are not sufficiently distinct to constitute separate claims – even assuming they are "claims," rather than simply separate affirmative defenses to EMSI's single claim for insurance coverage. *See Gerardi*, 16 F.3d at 1369-70 (finding separate issues insufficiently distinct "from the remaining claims to elevate them to the status of a separate cause of action subject to certification"); *Tetra Techs., Inc. v. Cont'l Ins. Co.*, 755 F.3d 222, 230 (5th Cir. 2014) (finding district court had not disposed of "claim" between

---

[2]The Court ruled in RSUI's favor on Count II, finding coverage was barred under the Post-Acquisition Policy by the Prior Acts Exclusion. (*See* D.I. 40 ¶ 5)

parties where court held one policy exclusion did not bar coverage, but had yet to determine whether different affirmative defense barred coverage). Thus, RSUI's non-covered Loss and MSE arguments offer alternative *theories* for finding coverage barred under the RSUI Policies, not separate claims for relief.

5. Regardless, RSUI has failed to show that this is the "infrequent harsh case" warranting entry of final judgment under Rule 54. *Allis-Chalmers*, 521 F.2d at 365 (internal quotation marks omitted). When determining whether there is just reason to delay appeal, the Court may consider "[f]actors . . . includ[ing] 'whether the claims under review are separable from the others remaining to be adjudicated and whether the nature of the claims already determined is such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Carter v. City of Philadelphia*, 181 F.3d 339, 346 (3d Cir. 1999) (alterations omitted) (quoting *Curtiss–Wright*, 446 U.S. at 8). The parties agree that the only remaining issue is the amount of damages, or the amount of insurable Loss under the Pre-Acquisition Policy. (*See* D.I. 44 ¶¶ 6, 9) As already noted, the same facts underlie Counts I, II, and III, and RSUI's separate affirmative defenses are not easily separable from one another. Thus, in the event of a subsequent appeal on the issues of Loss, the appellate court would be required to re-familiarize itself with the same factual record, wasting judicial resources. *See Gerardi*, 16 F.3d at 1372 (warning against entry of final judgment where "facts underlying the claim resulting in that judgment may be intertwined with the remaining issues"). Moreover, the Underlying Action has been resolved,[3] and thus RSUI faces no risk of incurring additional

---

[3]The Management Sellers entered into a settlement agreement with EMSI-A, thereby ending the need to defend themselves. (*See* D.I. 33 Ex. A)

defense costs while waiting for its remaining affirmative defenses to coverage to be resolved. In sum, RSUI has not presented a compelling reason to separate the question of liability from the question of damages, or any other reason why delaying appeal would be particularly harsh.

Certification under § 1292(b)

6. Pursuant to 28 U.S.C. § 1292(b), the Court has discretion to certify an order for interlocutory appeal if the order (1) "involves a controlling question of law" (2) "as to which there is substantial ground for difference of opinion" and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." The Court should only certify an order for interlocutory review where "exceptional circumstances" merit a departure from the final judgment rule. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978); *see also Microsoft Mobile Inc. v. Interdigital, Inc.*, 2016 WL 8302609, at *1 (D. Del. June 13, 2016) ("Interlocutory appeal is meant to be used sparingly and only in exceptional cases where the interests cutting in favor of immediate appeal overcome the presumption against piecemeal litigation.") (internal quotation marks omitted).

7. A controlling question of law is one that (1) "would be reversible error on final appeal" or (2) is "serious to the conduct of the litigation, either practically or legally." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974). The Court's decision as to whether the MSE is a bar to coverage resolved a pure question of law, which, if erroneous, would be subject to reversal on appeal. *See Rhone-Poulenc Basic Chems. Co. v. Am. Motorists Ins. Co.*, 616 A.2d 1192, 1195 (Del. 1992) ("The proper construction of any contract, including an insurance contract, is purely a question of law."); *see also Allegheny Int'l, Inc. v. Allegheny Ludlum Steel Corp.*, 40 F.3d 1416, 1424 (3d Cir. 1994) (reviewing *de novo* district court determination of

5

whether contract provision was ambiguous).  Arguably, this condition is satisfied.

8. To show that a substantial ground for difference of opinion exists, typically "the difference of opinion must arise out of genuine doubt as to the correct legal standard." *In re Physiotherapy Holdings, Inc.*, 2017 WL 6524524, at *6 (D. Del. Dec. 21, 2017) (internal quotation marks omitted). While there appears to be an absence of Delaware case law on the precise issue resolved by the Court – that is, how a MSE should apply in the post-acquisition context – to resolve the question the Court simply applied traditional contract interpretation principles to the RSUI Policies. Thus, while there may be grounds for differences of opinion, RSUI has not demonstrated that those grounds are substantial. *See Accenture Glob. Servs., GmbH v. Guidewire Software, Inc.*, 800 F. Supp. 2d 613, 622 (D. Del. 2011), *aff'd*, 728 F.3d 1336 (Fed. Cir. 2013) ("A party's disagreement with the district court's ruling does not constitute 'a substantial ground for a difference of opinion' within the meaning of 1292(b).") (internal quotation marks omitted); *In re Magic Rests., Inc.*, 202 B.R. 24, 26 (D. Del. 1996) ("[A] scarcity or void of judicial opinion alone is insufficient to justify an interlocutory appeal."); *Fed.-Mogul Corp. v. Ins. Co. of Pa.*, 2015 WL 13037139, at *2 (E.D. Mich. Dec. 22, 2015) (denying request for certification under § 1292(b) where court's "order applied well-established contract interpretation principles to the insurance policy at issue").

9. RSUI is correct that an interlocutory appeal has the potential to materially advance the ultimate resolution of this case. In the event RSUI wins on appeal, coverage would be barred under both RSUI Policies. Thus, an interlocutory appeal of the Order has the potential to resolve the entire case. *See Crytallex Int'l Corp. v. Petroleos de Venezuela*, 2016 WL 7440471, at *2 (D. Del. Dec. 27, 2016) (finding interlocutory appeal may materially advance litigation, in part,

6

because if Third Circuit reversed Court's holdings, "this case would be terminated upon remand").

10. RSUI has failed to present any "exceptional circumstances" warranting deviation from the final judgment rule. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996) ("Routine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule."). RSUI's only argument in support of deviation is the potential to avoid wasteful litigation "in the event of an RSUI appellate victory." (D.I. 42 at 5) The Court is not persuaded that this presents a "circumstance or reason that distinguishes the [present] case from the procedural norm and establishes the need for immediate review." *In re Magic Rests.*, 202 B.R. at 26-27.

11. In sum, RSUI has, at most, shown that only two factors favor certification of an interlocutory appeal. Hence, the Court has denied RSUI's motion.[4]

_____
HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

---

[4] In view of the Court's denial of RSUI's requests for certification under Rule 54(d) and § 1292(b), RSUI's motion to stay Count III is moot.